IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDELMIRO G. SOLIS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 20-CV-1543-X-BK |
| | § | |
| U.S. NATIONAL BANK, N.A. AND | § | |
| RUSHMORE LOAN MANAGEMENT | § | |
| SERVICES, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Now before the Court is Defendants' *Motion for Judgment on the Pleadings*. Doc. 5. For the reasons that follow, it is recommended that the motion be **GRANTED IN PART**.

**I.    PROCEDURAL HISTORY**

In June 2020, Plaintiff filed this counseled action in state court against his lender and loan servicer, seeking to avoid the foreclosure on his residence (the "Property"). Doc. 1-4 at 2-13. He raises claims for (1) negligent misrepresentation pertaining to the handling of his loan (the "Note") and escrow account; (2) violation of Texas Property Code § 51.002 and the Real Estate Settlement Procedures Act ("RESPA"); (3) breach of contract, namely the deed of trust securing the Property (the "DOT"); and (4) violation of Texas Executive Order GA-23, governing business openings in light of COVID-19 (the "GA-23 Order"). Doc. 1-4 at 4-8. Plaintiff also

sought declaratory and injunctive relief. Doc. 1-4 at 12-13. Defendants removed the action to this Court based on federal question jurisdiction, Doc. 1 at 2, and now move to dismiss Plaintiff's claims with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 5.

## II.   APPLICABLE LAW

Rule 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the petition states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the plaintiff's complaint, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13. The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

## III.   ANALYSIS

As an initial matter, Plaintiff did not respond to Defendants' motion insofar as it seeks to dismiss with prejudice his Texas Property Code, RESPA, and GA-23 Order claims as well as his requests for injunctive and declaratory relief. Therefore, Plaintiff has forfeited those claims, and they should be dismissed with prejudice. *Kovac v. Wray*, 363 F.Supp.3d 721, 747-48 (N.D. Tex.

2019) (dismissing with prejudice abandoned claims); *see also MacArthur v. Univ. of Tx. Health Ctr. at Tyler*, 45 F.3d 890, 895 (5th Cir. 1995) (holding that claim abandoned in district court is not embodied in judgment and cannot be appealed).  Moreover, while Plaintiff's response contains a brief reference to a quiet title claim, *see* Doc. 11 at 6, this appears to be a scrivener's error as Plaintiff raised no such claim.  The merits of Plaintiff's remaining two claims will be discussed *infra*.

      *1. Negligent Misrepresentation*

Plaintiff alleges in his petition that Defendant U.S. Bank, N.A. ("U.S. Bank") breached its duty to provide him "notice of any transfer, assignment, or sale of the Note, to properly manage the loan and the escrow amount, to comply with the notice provisions contained in the deed of trust before accelerating the Note and foreclosing on the property" as well as its duty to not mislead him when he applied for a loan modification.  Doc. 1-4 at 4.  Plaintiff asserts that U.S. Bank's duty stems from a HUD regulation incorporated into the DOT.  Doc. 1-4 at 4.  Separately, Plaintiff avers that both Defendants paid property taxes he did not owe and made false representations to him in relation thereto, which caused him to sustain monetary and other damages.  Doc. 1-4 at 5.

Defendants assert in their dismissal motion that Plaintiff's negligence claim should be dismissed because (1) it is conclusory; (2) Texas does not impose a legal duty on a lender or loan servicer in favor of a borrower that would give rise to a negligence claim; and (3) the claim is barred by the economic loss doctrine.  Doc. 5 at 15-19.

In response, Plaintiff argues that the economic loss doctrine does not bar his claim because the duties Defendants owed him in relation to transferring or selling the Note and managing his loan and escrow accounts arise under federal law, namely RESPA.  Doc. 11 at 4-5.

3

To state a claim for negligent misrepresentation, a plaintiff must allege that (1) defendant made a representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff justifiably relied on the representation and suffered monetary loss. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Contrary to Defendants' argument, there is no separate requirement that there be a "special relationship" between the lender and borrower.

The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citation omitted). The rule is applicable to a claim for negligent misrepresentation in Texas. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998). To determine whether a tort claim is merely a repackaged breach of contract claim, a court must consider (1) whether the claim is for breach of a duty created by contract as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998).

In his petition, Plaintiff alleges Defendants (1) paid taxes on the Property that he did not owe; (2) made false representations to him about it; and (3) financially benefitted from these acts. Plaintiff asserts that the charges were added to his loan balance and harmed his credit reputation, credit worthiness, and credit history, in addition to costing him time while he tried to remedy the problem. Doc. 1-4 at 5. These allegations suggest that Plaintiff can avoid application of the economic loss rule such that he may be able to state a negligent

4

misrepresentation claim.  *See Sloane*, 825 S.W.2d at 442; *TIB — The Independent BankersBank v. Canyon Community Bank*, 13 F. Supp. 3d 661, 671 (N.D. Tex. 2014) (holding that to the extent plaintiff sought to recover out-of-pocket expenses incurred in connection with having to repurchase the loan from the lender, plaintiff had sufficiently alleged an injury independent from the subject matter of the loan).

Nevertheless, there are some inconsistencies between the allegations and legal bases for the negligence claim Plaintiff raised in his petition and the argument he raises in the face of Defendants' dismissal motion.  It is unclear to the Court whether Plaintiff intends to waive some aspects of his negligence claim, revise his theory of recovery, or both.  Moreover, his petition is plainly inadequate in terms of its factual allegations.  It is thus not possible at this juncture for the Court to assess the merits of Plaintiff's petition by looking solely to the substance of the pleadings and any judicially noticed facts of record.  *Great Plains Trust Co.*, 313 F.3d at 312. Accordingly, Plaintiff's negligent misrepresentation claim should be **DISMISSED**, but he should be granted leave to amend.

*2. Breach of Contract*

Plaintiff alleges in his petition that "Defendant" failed to comply with HUD regulations and terms of the Note and DOT governing the acceleration of his loan and the foreclosure on the Property, including the in-person meeting requirements and assessment of his loan for loss mitigation options before accelerating the loan and proceeding with foreclosure.  Doc. 1-4 at 6-7. Plaintiff alleges that as a result, he suffered harm in the form of additional charges to his loan balance and escrow account.  Doc. 1-4 at 7.

In arguing for dismissal, Defendants assert that (1) Plaintiff does not allege he has any contractual relationship with Defendant Rushmore Loan Services, LLC ("Rushmore") and, in

fact, no such relationship exists; (2) neither Plaintiff's Note nor the DOT incorporate any of the federal regulations Plaintiff cites in his petition; (3) Plaintiff does not allege what provisions of the Note or DOT Defendants allegedly breached; (4) Plaintiff cannot sue for breach of contract because he did not perform under the terms of the DOT; and (5) Plaintiff has not suffered actual damages because no foreclosure sale has occurred. Doc. 5 at 25-28.

Plaintiff responds that Rushmore is essentially a party to the DOT as an agent of U.S. Bank because it services the loan. Doc. 11 at 6. Additionally, Plaintiff points to one provision in the DOT which states it "is governed by federal law" and two provisions that specify the parties' respective duties relating to default and acceleration. Doc. 11 at 6.

Generally speaking, under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted). As to Rushmore, a review of the DOT indicates that it is neither a party thereto nor an assignee thereof and thus cannot be held liable for any breach of that agreement. *See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (holding that loan servicer which had been properly assigned deed of trust had right to foreclose); *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.*, 152 S.W.3d 817, 825 (Tex. App.—Texarkana 2004) ("It is fundamental that a contract is not binding on a nonparty.").

Turning to the claim against U.S. Bank, a party's default under a contract will only excuse the other party's performance of the contract's terms if the terms are dependent on the promises that the defaulting party failed to perform. *Williams*, 884 F.3d at 244. As applied in the foreclosure context, for example, a lender's breach of a deed of trust for failing to properly

serve notice of a foreclosure can be maintained regardless of the defaulting party's failure to perform because the lender's obligation to give notice would not even arise unless the default occurred. *See id*. at 244-45 ("If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning."). *Williams* is analogous and governs the analysis here. The Court finds, however, that Plaintiff's petition does not adequately identify the specific provisions of the Note or DOT U.S. Bank allegedly breached. *Great Plains Trust Co.*, 313 F.3d at 312.

Moreover, while violation of a HUD regulation can sustain a breach of contract claim, that is only if "the regulations are expressly incorporated into the lender-borrower agreement." *Johnson v. World Alliance Fin. Corp*., 830 F.3d 192, 196 (5th Cir. 2016). In *Johnson*, the borrower's notes and deeds of trust did not "expressly require the lender to establish and assure lien priority at the time the loan is made. Lacking any evidence that the parties intended to incorporate into the [mortgage agreement] the specific HUD term at issue, [the borrower] has no HUD-based claim." *Id*. (internal quotation marks omitted).

In response to Defendants' motion, Plaintiff does not direct the Court to any specific HUD provision incorporated into the DOT, although he cites to a number of regulations in his petition. *Compare* Doc. 1-4 at 7 ("[T]he Note and Deed of Trust expressly provided that the acceleration and foreclosure on Plaintiff's loan are subject to limitation through regulations required Defendant to make reasonable efforts 203.604(b); inform Plaintiff of any assistance option, 24 C.F.R, 203.605, 203.501, before accelerating the loan and proceeding with foreclosure.") *with* Doc. 11 at 6 ("Clearly in the Deed of Trust, Paragraph 16 states that it is govern [sic] by federal law. As such, the Deed of Trust does incorporate federal law."). Under

7

*Johnson*, the DOT's reference to "federal law" is not sufficiently specific. 830 F.3d at 196. Accordingly, Plaintiff's breach of contract claim should be **DISMISSED**.

## IV.   LEAVE TO AMEND

A court may dismiss a complaint that fails to meet the pleading requirements, but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously amended his complaint and requests leave to do so if the Court dismisses any of his claims. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to file an amended complaint limited to his negligent misrepresentation and breach of contract claims, except to the extent the latter claim relies on HUD regulations not expressly incorporated into the DOT.

## V.    CONCLUSION

For the foregoing reasons, it is recommended that Defendants' *Motion for Judgment on the Pleadings*, Doc. 5, be **GRANTED IN PART**. If, within 14 days of the District Judge's Order accepting this recommendation, Plaintiff fails to amend his complaint to cure the deficiencies Noted herein, at the re-urging of Defendants, Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 26, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).